IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## ARZOLIA CHARLES GOINES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**Nos. 40629, 65726     Ray L. Jenkins, Judge**

---

**No. E1999-02459-CCA-R3-PC**
**August 25, 2000**

---

The appellant, Arzolia Charles Goines, appeals the dismissal of his writ of error coram nobis by the Knox County Criminal Court on September 1, 1999.  Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., J.J., joined.

Arzolia Charles Goines, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellant, Arzolia Charles Goines, appeals the dismissal by the Knox County Criminal Court of his "Writ of Error Coram Nobis, or Coram Vobis" on September 1, 1999.  See Tenn. Code Ann. 40-26-105 (1997).  The trial court dismissed the petition due to the expiration of the applicable statute of limitations.  See Tenn. Code Ann. § 27-7-103 (1980).  Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**I.**

Although not entirely clear from the record before this court, the appellant asserts in his brief that his "Writ of Error Coram Nobis, or Coram Vobis" relates to his conviction of "various offenses" in 1988 and the State's suppression of exculpatory evidence during the underlying prosecutions.  According to this court's opinion in a related case, the appellant was convicted in 1988 of armed robbery and second degree burglary.  Goines v. State, No. E1999-01199-CCA-R3-CD, 2000 WL 12956, at *1 (Tenn. Crim. App. at Knoxville, January 7, 2000).  Additionally, on the basis of each conviction, a jury found the appellant to be an habitual criminal and imposed concurrent sentences of life imprisonment.  Id.  This court affirmed the 1988 judgments of

conviction in <u>State v. Goines</u>, No. 1208, 1989 WL 34856 (Tenn. Crim. App. at Knoxville, April 14, 1989), <u>perm. to appeal denied</u>, (Tenn. 1989).  In 1990, the appellant filed a petition for post-conviction relief.  <u>Goines v. State</u>, No. 03C01-9710-CR-00456, 1999 WL 162487, at *1 n.1 (Tenn. Crim. App. at Knoxville, March 24, 1999), <u>perm. to appeal denied</u>, (Tenn. 1999).  The trial court dismissed the petition, and this court affirmed the trial court's judgment.  <u>Id.</u> at **1-2.  On August 24, 1999, while the post-conviction proceedings were still pending before this court, the appellant filed the instant writ of error coram nobis.

## II.

We agree with the trial court that the statute of limitations applicable to writs of error coram nobis has expired in this case.  Tenn. Code Ann. § 27-7-103.  <u>See also</u> <u>State v. Mixon</u>, 983 S.W.2d 661, 663 and 671 (Tenn. 1999).  Of course, a trial court is not bound by the title of the pleading.  <u>Norton v. Everhart</u>, 895 S.W.2d 317, 319 (Tenn. 1995).  However, the appellant has not alleged that the challenged judgments of conviction are void, thereby warranting habeas corpus relief.  <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn.), <u>cert. denied</u>, __ U.S. __, 120 S.Ct. 270 (1999).  In any event, an application for a writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant.  Tenn. Code Ann. § 29-21-105 (1980).  Furthermore, although a claim under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963), is generally cognizable in post-conviction proceedings, Tenn. Code Ann. § 40-30-203 (1997), the trial court properly declined to treat the instant writ as a petition for post-conviction relief.

With respect to the availability of post-conviction relief, the post-conviction statute of limitations has likewise expired in this case, Tenn. Code Ann. § 40-30-202(a) (1997), the petitioner's claim does not fall within one of the statutorily enumerated exceptions to the statute of limitations, Tenn. Code Ann. § 40-30-202(b), and the appellant has not alleged facts that would warrant relief under <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992), and <u>Sands v. State</u>, 903 S.W.2d 297, 301 (Tenn. 1995).  Additionally, the 1995 Post-Conviction Procedure Act does not contemplate the filing of more than one petition for post-conviction relief, Tenn. Code Ann. § 40-30-202(c), and the appellant has not satisfied the prerequisites to reopening his prior petition.  Tenn. Code Ann. § 40-30-217 (1997).  <u>See also</u> <u>Fletcher v. State</u>, 951 S.W.2d 378, 380 (Tenn. 1997).

## III.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-2-